**Robert Dennis PHILLIPS,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 75–3751.**

United States Court of Appeals,
Ninth Circuit.

Jan. 24, 1979.

Roger K. Patterson (argued), Whittier, Cal., for plaintiff-appellant.

Matthew A. Schumacher, Asst. U. S. Atty. (argued), Los Angeles, Cal., for defendant-appellee.

Before HUFSTEDLER and ANDERSON, Circuit Judges, and WALSH,* District Judge.

PER CURIAM:

Phillips appeals from a summary judgment granted against him in his action, under the Federal Tort Claims Act (28 U.S.C. §§ 2671 *et seq.*), to recover damages for serious personal injuries that he sustained when he fell 70 feet to the base of San Antonio Falls while hiking in Angeles National Forest. The district court held that California Civil Code § 846, immunizing real property owners from liability for injuries to persons who permissively use property for recreational purposes, precluded the Government's liability to Phillips. The question on appeal is whether there was a triable issue of fact presented by Phillips' claim that he was an "express invitee" within an exception to Civil Code § 846 immunity. We agree with the district court that Phillips was not an express invitee within the meaning of the exception.

This tragic accident occurred on October 14, 1971, when Phillips and a friend were hiking up the side of San Antonio Falls. The falls is in the Mt. Baldy recreation area of Angeles National Forest. Sometime before the date of the accident, a sign warning of the danger of climbing in the falls area had been destroyed by vandals, and no warning sign appeared in the San Antonio Falls area when Phillips was injured. He claimed that the United States was negligent in failing to give warning of the known hazardous conditions near the falls and that the Government's negligence proximately caused his injury.

Discovery had been completed before the Government moved for summary judgment. The only factual basis upon which Phillips based his claim that he was within an exception to the immunity statute is that promotional literature from the Forest Service, describing the attractions of Angeles National Forest and its facilities, constituted an "express invitation" within the meaning of exemption (c) of section 846 of the California Civil Code, which provides that landowners owe no duty of care to persons who permissively use the property for recreational purposes, including hiking, but it "does not limit the liability which otherwise exists . . . (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner."[1] The precise issue is a question of law: Does promotional literature published by the Forest Service constitute

---

* Honorable James A. Walsh, Senior United States District Judge, District of Arizona, sitting by designation.

1. In pertinent part, California Civil Code § 846 states:

"An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for . . . hiking, . . . or to give any warning of hazardous conditions, . . . on such premises to persons entering for such purposes, except as provided in this section.

"An owner of any estate in real property who gives permission to another for entry or use for the above purposes upon the premises does not thereby (a) extend any assurance that the premises are safe for such purposes, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section. "This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purposes was granted for a consideration other than the consideration, if any, paid to said landowner by the state; . . . . ."

an "express invitation" to the general public to hike in the advertised national park?[2]

The purpose of section 846 was to encourage landowners to let members of the general public use their land for recreational purposes. (*Gard v. United States* (N.D.Cal. 1976) 420 F.Supp. 300 (interpreting a Nevada statute similar to Cal.Civ.Code § 846).) That purpose could not be achieved without sharply restricting potential liability to landowners for injuries that might be sustained by persons who were given permission to use the land for recreation. To accomplish that purpose, the Legislature eliminated the common law concepts of invitee and licensee as to landowners who gave permission to members of the general public to use the land for recreational purposes. In ordinary parlance, an advertisement to the general public is not considered an "express invitation" to each member of the public to whom the message is beamed. Nothing in the sparse legislative history of Civil Code § 846 suggests that a more encompassing reading of the term "expressly invited" was intended. To the contrary, the little history available indicates that the Legislature intended the term "expressly invited" to include only those persons who were personally selected by the landowner. That intent can be gleaned from an explanation of the legislation when the statute was initially enacted in 1963. In 38 State Bar Journal 647 (1963), the history of the section was briefly discussed: "As originally drafted, the section would have exempted the landowner from all liability to a person *expressly invited* on the premises. However, under section 846 as enacted, if a person has been *expressly invited* the landowner will owe the same duty of care owed a licensee or invitee, depending on the person's legal status . . . .. In order to vitiate any claim by a 'permittee' that he has been expressly invited or has paid consideration the landowner can now record a notice of consent to the use of his land for specified purposes under new Civil Code § 813." (Emphasis in original.)

New Civil Code § 813 was discussed in 38 State Bar Journal at 646. The purpose of section 813 was to prevent prescriptive rights from arising when members of the general public used private property for recreation. The statute provided that all recreational use could be made permissive, and thus not adverse for prescriptive purposes, by the landowner's filing a notice of consent to recreational use of his land. The landowner could record notice of consent, thereby making all users permissive users, rather than express invitees. When the landowner gave consent to the general public to recreational use, recordation alone was adequate to make all such use permissive. On the other hand, recordation of consent was ineffective under section 813 if the landowner extended permission to less than all of the members of the general public unless the landowner also sent a copy of the notice by registered mail to the individuals to whom the landowner gave permissive use.

Section 813 does not purport to apply to landowners whose property is already dedicated to public use, such as the owner of public parks. We discuss section 813 because it provides us some insight into the legislative intent in enacting the exceptions to section 846, which section 813 was designed to implement. When we read section 813 for this purpose, it seems evident to us that the Legislature did not intend to include within the concept of express invitation, used in section 846, any invitation to the general public.

The record shows that no personal invitation was ever issued to Phillips. We do not reach the question whether promotional literature mailed to a person who thereafter visits the advertised park can be an express invitation within the meaning of section 846. The advertisements were never sent to Phillips, and there is no evidence that he had even seen the advertisements before this accident. Under these circumstances,

---

**2.** The record supplies no basis for invoking either the "willful or malicious" exception, or the "consideration" exception. No fee of any kind is charged to persons who use Angeles National Forest, where this accident occurred.

we conclude that the brochures and other promotional literature published by the Forest Service did not constitute an express invitation to Phillips within the meaning of section (c) of section 846.

One other aspect of the issue requires brief discussion. *Rowland v. Christian* (1968) 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561, overturned the prior common law in California regulating the duties of landowners to various classes of persons who came on the land. Under *Rowland*, California discarded special rules concerning landowners, and it adopted ordinary rules of negligence imposing responsibility for injury caused to another upon the landowner who fails to exercise ordinary care or skill.

Soon after *Rowland* was decided, the question arose whether *Rowland* not only overturned the prior common law, but also overruled Civil Code § 846. That question was answered in the negative by *English v. Marin Municipal Water District* (1977) 66 Cal.App.3d 725, 136 Cal.Rptr. 224.

AFFIRMED.