Thomas Robert SIMPSON,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–5020.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1981.

Decided August 3, 1981.

Steven Roseman, Brundage & Roseman, Los Angeles, Cal., for plaintiff-appellant.

Stephen E. O'Neil, Asst. U.S. Atty., Los Angeles, Cal., argued for defendant-appellee; Frederick A. Jacobsen, Asst. U.S. Atty., Los Angeles, Cal., on brief.

Before TANG and NELSON, Circuit Judges, and CRAIG,* District Judge.

CRAIG, District Judge:

Thomas Simpson appeals from an adverse summary judgment granted in favor of the United States by the district court in an action brought by Simpson pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Jurisdiction of the appeal is founded upon 28 U.S.C. § 1291.

The uncontroverted allegations of fact show that on December 20, 1973, Simpson and two companions drove to the Creek in Inyo National Forest Recreation Area, California, where they began walking from the parking lot to the hot water pools along a marked and paved trail. While following the trail, Simpson read a United States Forest Service sign that stated, "WARNING—Potholes and Scalding Water, Use Extreme Caution, No Life Guard on Duty, Swim at Your Own Risk, U.S.F.S." About half to three-quarters of the way down to the creek, Simpson and his friends left the asphalt path and walked straight down the snow-covered hillside to the water's edge. There Simpson walked onto a small peninsula jutting into the creek. He came to a sign warning, "Go beyond this sign at your own risk." Upon seeing the sign, he turned to his left to retreat, and stepped 4 to 5 feet away. Then the ground gave way, tossing him into the boiling water where he was scalded up to his waist.

Summary judgment was granted by the district court, upon reconsideration after an initial denial, because under California Civil Code § 846 the United States owed Simpson no duty of care absent an express invitation to come onto the land, payment of a consideration by him to enter the property, or willful or malicious conduct by the United States, none of which were found to be present.

In this instance the tort liability of the United States under the Federal Tort Claims Act, if any, is to be determined according to the law of California, since that is where the negligent act allegedly occurred. *Richards v. United States*, 369 U.S. 1, 6–8, 82 S.Ct. 585, 589–590, 7 L.Ed.2d 492 (1962).

Following the foregoing principle, the district court based its ruling upon its interpretation of California Civil Code § 846. That interpretation must be given great weight on appeal, but it may be disregarded "as clearly erroneous .... if it is without adequate evidentiary support" or if "it was induced by an erroneous view of the law. *Ritter v. Morton*, 513 F.2d 942, 949

---

* Honorable Walter E. Craig, Senior United States District Judge, District of Arizona, sitting by designation.

(9th Cir.), *cert. denied sub nom., Ritter v. Kleppe,* 423 U.S. 947, 96 S.Ct. 362, 46 L.Ed.2d 281 (1975).

In an appeal from a summary judgment, the record must be viewed in the light most favorable to the party having opposed it in the trial court, in this case Simpson. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 467, 82 S.Ct. at 488.

This appeal raises the questions of whether California Civil Code § 846 is applicable to the United States in this context, and, if it is, (a) whether it violates equal protection as applied, (b) whether the conduct of the United States was willful or malicious, (c) whether Simpson was actually given an "express invitation," and (d) if Simpson had received an "express invitation," whether he had exceeded its scope.

As yet the California Supreme Court has not decided whether California Civil Code § 846[1] was intended to apply to land publicly held as well as to that held by private hands. The issue, however, has been presented to several of the California Courts of Appeal, with conflicting results. For instance, in *Nelsen v. City of Gridley,* 113 Cal.App.3d 87, 169 Cal.Rptr. 757, 760 (3d Dist. 1980), in a thorough analysis of the issues, it was held that California Civil Code § 846 was not applicable to public entity land owners. The contrary has been held by other of the California appellate courts. *Blakely v. State of California* 108 Cal. App.3d 971, 975, 167 Cal.Rptr. 1 (1st Dist. 1980); *Moore v. City of Torrance,* 101 Cal.

App.3d 66, 166 Cal.Rptr. 192 (2d Dist. 1979); *Gerkin v. Santa Clara Valley Water District,* 95 Cal.App.3d 1022, 157 Cal.Rptr. 612 (1st Dist. 1979); *English v. Marin Municipal Water District,* 66 Cal.App.3d 725, 136 Cal. Rptr. 224 (1st Dist. 1977).

How that split among the California courts is resolved is not pertinent to the issue pending here, for the Federal Tort Claims Act makes the United States liable for negligence in the same manner and to the same extent as a private individual would be in similar circumstances. 28 U.S.C. § 2674. Since California Civil Code § 846 doubtless applies to private persons, it must, therefore, also apply in the same way to the United States. *Phillips v. United States,* 590 F.2d 297 (9th Cir. 1979) (*per curiam*).

Simpson argues that if California Civil Code § 846 is determined to apply to the United States, it violates his right to equal protection because it creates classes of owners and users of land that do not bear a rational relationship to a legitimate state purpose.

■ That reasoning is faulty. The intent of the California legislature in adopting California Civil Code § 846 was to encourage landowners to open their property to the public for recreation. *Phillips v. United States,* 590 F.2d at 299. Such encouragement was necessitated by the threat of tort liability which in recent years has led landowners to bar people from trespassing on their land. *Parish v. Lloyd,* 82 Cal.App.3d 785, 147 Cal.Rptr. 431, 432 (4th Dist. 1978). When viewed against its intent and purpose, the statute has a rational relationship to a legitimate state purpose and is able

1. California Civil Code § 846 provides in pertinent part:

An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose except as provided in this section.

... [t]his section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard against a dangerous condition, use, structure or activity ... or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.

therefore, to withstand an equal protection challenge.[2]

It is contended by Simpson that the motion and response before the district court, together with accompanying affidavits, presented a genuine issue of material fact as to the willfulness or maliciousness of the United States in failing to warn or guard against a dangerous condition thereby precluding the issuance of summary judgment. We agree.

In support of this position Simpson points to evidence that employees of the United States knew (1) of a similar accident which had occurred earlier; (2) of the dangerous condition of the creek bank; and (3) that the forestry workers had not placed a warning sign specifically advising that the bank might collapse.

■ There is indeed an exception to California Civil Code § 846 regarding willfulness and maliciousness, which is defined as intentional, wrongful conduct done either with a knowledge that serious injury to another will probably result, or with wanton and reckless disregard of the possible results. *O'Shea v. Claude C. Wood Co.*, 97 Cal.App.3d 903, 159 Cal.Rptr. 125, 130 (3d Dist. 1979).

■ When willfulness is an issue, summary judgment should be granted with caution, since questions such as intent or motive are presented. *Gard v. United States*, 594 F.2d 1230, 1234 n.2 (9th Cir.), *cert. denied*, 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1976).

■ In this case the crucial facts regarding the type of warnings which were given, and thus the extent of the effort of the United States to protect against *known* dangers, was hotly disputed. Whether the efforts of the United States were so feeble as to rise to the level of willfulness is a material issue of fact which should have prevented summary judgment and which now warrants reversal.

Simpson also raises the argument that he was "expressly invited" to the Inyo National Forest within the meaning of that exception in California Civil Code § 846 because of the United States' provision of paved parking areas, restroom facilities, and a visitors center offering tours and maps, and because of a sign posted at the entrance to the recreational area that stated: "We invite you to marvel at the natural wonders of this great forest."

No California court has considered the extent of the "express invitation" exception to California Civil Code § 846 in this respect. This circuit, however, has gone so far as to hold that under certain circumstances promotional literature published by the Forest Service does not constitute an "express invitation" to the general public. *Phillips v. United States*, supra, 590 F.2d at 299–300.

The *Phillips* case is of course not controlling here because no one has raised the issue of promotional literature. What is now an issue is whether a sign bearing an invitation to the public to enter a national forest recreational area coupled with the provision of public facilities can constitute an "express invitation" such as that contemplated by the California legislature in adopting California Civil Code § 846.

The California courts have implied that an express invitation can comprehend an invitation made to the general public. *See O'Keefe v. South End Rowing Club*, 64 Cal.2d 729, 414 P.2d 830, 51 Cal.Rptr. 534 (1966), *citing Borgnis v. California-Oregon Power Co.*, 84 Cal.App. 465, 258 P. 394 (1927). In *Borgnis* it was said, "[A]ll are invitees who are *expressly invited*, regardless of any question of benefit or advantage to the inviter, even though the invitation be not individual, but to the *public generally*." Id. at 468, 258 P. 394 (Emphasis added).

■ In view of the precedents existing in the foregoing California cases, we cannot hold that an invitation to the public can never be an "express invitation." While

**2.** We note that two California courts have also upheld § 846 against an identical equal protection challenge. *See Parish v. Lloyd*, 82 Cal. App.3d 785, 147 Cal.Rptr. 431 (1978); *Lostritto v. Southern Pacific Transportation Co.*, 73 Cal. App.3d 737, 140 Cal.Rptr. 905 (1977).

*Phillips* contains dicta to the contrary, we must in this instance adhere to the holdings of the California courts.

Summary judgment was improper on the issue of "express invitation." The district court must redetermine whether the invitation on the sign and the provision of public facilities alone or together form an "express invitation" within the meaning of California Civil Code § 846.

■ Finally, the district court clearly erred in finding, as an "uncontroverted fact," that "[s]igns were posted warning all persons on the property to stay on the established trails," and thus that "[e]ven if [Simpson] were expressly invited on the day of the accident, he exceeded the scope of that invitation when he left the established trail."

Not only does our review of the record reveal no evidence of such a specific warning sign, but Simpson claims that he saw only two warning signs that day, one advising of the potholes and the other warning not to proceed on the peninsula.

The district court should not have concluded at this stage of the proceedings that Simpson exceeded the scope of his invitation, if one was tendered to him, because on a motion for summary judgment the facts must be viewed in the light most favorable to the party opposing the motion.

For these reasons the summary judgment granted by the district court was improper.

REVERSED AND REMANDED for further proceedings not inconsistent herewith.