**Orville A. SHAVER and Hazel M. Shaver**

v.

**TENNESSEE VALLEY AUTHORITY.**

Civ. No. 3–82–319.

United States District Court,
E.D. Tennessee, N.D.

Oct. 7, 1982.

Thomas D. Dossett, John M. Everett, Kingsport, Tenn., for plaintiffs.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Assoc. Gen. Counsel, Melvin L. Harper, Edwin W. Small, Tenn. Valley Authority, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action for damages for personal injuries suffered on property owned by defendant, Tennessee Valley Authority (TVA). The case is before the Court on TVA's motion to dismiss or for summary judgment. The Court considered the briefs and affidavits and has heard oral argument on the motion.

Plaintiff, Orville A. Shaver, claims that he regularly went to TVA's South Holston Dam for fishing and other recreational purposes. The dam is an earth and rock fill

dam in Sullivan County, Tennessee. TVA completed the dam in 1950 for flood control and hydroelectric production. On July 25, 1981, while plaintiff was fishing from the dam, a rockslide occurred. Plaintiff seeks damages for injuries suffered when several large boulders fell on him during the slide.

Plaintiffs' amended complaint alleges that weathering causes spalling, splitting, and disintegration of boulders on the dam face. The weathering allegedly causes rocks to topple down the dam embankments. Plaintiffs say the weathering phenomenon caused the slide in this case. They allege TVA negligently and/or maliciously failed to make the dam safe or to warn the public of the danger of rockslides. Plaintiffs assert that Orville Shaver was an invitee of TVA and that TVA's conduct constituted gross negligence, for which it is liable.

■ TVA contends that its duty to plaintiff is limited by statute and that the complaint does not allege conduct that falls within statutory exceptions. Tenn.Code Ann. § 51–803 provides:

*Landowner's duty of care.* The landowner, lessee, occupant or any person in control of said land or premises shall owe no duty of care to keep such land or premises safe for entry or use by others for hunting, fishing, trapping, camping, water sports, hiking, or sightseeing, nor shall such landowner be required to give any warning of hazardous conditions, uses of, structures, or activities on such land or premises to any person entering on such land or premises for such purposes, except as provided for in § 51–805.

It is undisputed that TVA is a "landowner" as defined by the statute. Tenn.Code Ann. § 51–801. Plaintiff entered TVA's land for fishing purposes and was therefore within the class of persons to whom no duty of care is owed.

■ Plaintiffs cite *City of Kingsport v. Lane* for the proposition that the "no duty" rule does not apply to governmental entities. 35 Tenn.App. 183, 243 S.W.2d 289 (Tenn.App.1951). *Lane* imposed a duty on Tennessee municipalities to make recrea-

tional areas "reasonably safe" for the public. *Id. Lane* and other cases cited therein are inapposite here. TVA, as an instrumentality of the federal government, is liable only to the extent that other governmental agencies are liable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). *See Adams v. Tennessee Valley Authority*, 254 F.Supp. 78, 83 (E.D.Tenn.1965). The Tort Claims Act allows claims only in circumstances when a *private person* would be liable under state law (emphasis added). 28 U.S.C. § 1346(b). The Tennessee landowner liability act clearly applies to private individuals even if it does not bar actions against a municipality on similar facts. The statute therefore applies to TVA. *See Gard v. United States*, 594 F.2d 1230 (9th Cir.1979).

In *Gard v. United States,* the Ninth Circuit held that a Nevada sightseer statute barred an action under the Tort Claims Act for injuries sustained on government property. *Id.* The undisputed facts failed to show any willful or malicious misconduct by the government. *Id.* at 1233. The Ninth Circuit therefore affirmed the district court's grant of summary judgment. We must conclude that the general provisions of Tenn.Code Ann. § 51–803 bar an action against TVA unless a statutory exception applies. Section 51–805(1) provides that a landowner will be liable for "willful or malicious failure to guard or warn against a dangerous condition." Likewise, landowners receiving consideration for permission to enter their property owe a duty of care to recreational visitors. *Id.* § 51–805(2). Lastly, liability is unaffected

(3) For injury caused by acts of persons to whom permission to hunt, fish, trap, camp, hike, sightsee, or any other legal purpose was granted; to third persons or to persons to whom the person granting permission, or the landowner, lessee, occupant, or any person in control of said land or premises owed a duty to keep the land or premises safe or to warn of danger.

*Id.* § 51–805(3).

■ Plaintiffs contend that either § 51–805(1) or § 51–805(3) applies to this case.

They would construe exception (3) to create a duty to all persons who would have had the status of invitee at common law. The Court of Appeals for the Western Section of Tennessee rejected this argument in *Gross v. Smith,* Union Law No. 5 (Tenn.Ct. App., filed Nov. 26, 1974). In *Gross* the plaintiff was walking along a path near TVA's Norris Lake when she stepped on a bottle and broke an ankle. The plaintiff alleged that she was an invitee of TVA. She attempted to found TVA's liability on the common law duty of care owed to invitees. The Court of Appeals held:

> If we assume the defendants are landowners as defined in the Act, and they gave permission to the plaintiffs to camp and fish on the premises, the legislature expressly denied the plaintiffs the legal status of an invitee to whom the duty of care is owed, T.C.A. § 51–804(a). We therefore conclude that regardless of the definition · of an invitee, the plaintiffs cannot under the Act assert that position as against the defendants.

Slip Op. at 5. While the language of exception (3) is not unambiguous, we cannot accept plaintiff's interpretation. To do so would nullify the clear intent of § 51–803 to remove the duty of care from the landowner.

Plaintiffs also assert that TVA's conduct was willful or malicious. Plaintiffs filed the affidavit of Leland F. Grant, a geologist and former TVA employee. Grant states that he discovered evidence of spalling and cleavage of rocks and rockslides on the dam face. He also states that the areas of danger are not always apparent to experts in the field. He would restrict the dam from use by the public.

Plaintiff and TVA have also filed affidavits of A.B. Taylor. Taylor was in charge of maintenance at South Holston Dam for TVA's Department of Reservoir Properties until 1979. He worked for fourteen years at the dam. Taylor says that the rocks on the dam are subject to tumble in areas where the waves and water have risen and fallen. In his fourteen years at the dam he had to push only two or three rocks down the dam face because of potential danger. Taylor has only seen two or three rockslides on the reservoir side of the dam; these involved two or three rocks sliding down the slope. Until the early 1970's the public was not allowed on the dam. Taylor does not know why the dam was previously closed to the public, whether for security or other reasons.

In support of its motion for summary judgment, TVA has filed affidavits of Thomas J. Abraham, head civil engineer in TVA's Civil Engineering Design Branch. Abraham is responsible for the inspection and maintenance program for the South Holston Dam. According to one affidavit, TVA employees make monthly inspections of the slopes on the reservoir face of the dam for "subsidence of slope and spalling of rock." Major engineering inspections are made every two and one-half years. The most recent major inspection was made on July 28, 1981. Abraham states that TVA is not aware of multiple rockslides on the dam.

·During the second of two hearings on the motion, plaintiff has cited *Simpson v. United States,* 652 F.2d 831 (9th Cir.1981). The Ninth Circuit in *Simpson* reversed a summary judgment for the United States in a case under the Federal Tort Claims Act. Plaintiff was visiting a national forest with hot springs. He went off the marked trail and was scalded when the ground on which he was standing gave way. The Ninth Circuit found issues of fact as to whether the United States acted willfully or maliciously in failing to protect against known dangers. *Id.* at 834. We believe *Simpson* is distinguishable from the instant case. In *Simpson,* the warning actually given was an issue of fact. A similar accident had occurred earlier and evidence of the dangerous condition was present in the record.

In the instant case, there is no evidence of harm to anyone other than plaintiff during the history of the South Holston Dam. Plaintiff has pointed to only two or three occurrences of rocks falling down the dam face, although many people have visited the dam for recreational or other purposes.

In order to be liable for willful or malicious misconduct, TVA must have acted intentionally, deliberately, and purposefully. *See City of Kingsport v. Quillen,* 512 S.W.2d 569, 573 (Tenn.1974); *Insurance Company of America v. Hogsett,* 486 S.W.2d 730 (Tenn.1972). Willful misconduct "carries the idea of deliberation and intentional wrongdoing." *Nashville, C. & St. L. Ry. v. Wright,* 147 Tenn. 619, 623, 250 S.W. 903 (1922). It is the intentional violation of a rule or duty. *See Id.* We conclude that the plaintiff has failed to raise material issues of fact that would support recovery for willful or malicious misconduct by TVA. Accordingly, the Tennessee landowner statute bars any action by plaintiff in this case.

It is, therefore, ORDERED that defendant's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.