**Charles J. VON TAGEN, By and Through Charles A. VON TAGEN, his guardian, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–81–1507 EFL.**

United States District Court, N.D. California.

Feb. 3, 1983.

Rogers, Monsey, Woodbury & Berggreen, William R. Phillips, James V. McGettrick, Las Vegas, Nev., for plaintiff.

Rodney H. Hamblin, U.S. Atty., John F. Barg, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

LYNCH, District Judge.

Plaintiff in this action seeks recovery against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, for injuries suffered in an automobile accident which occurred on federal property while plaintiff was engaged in a recreational use. Plaintiff alleges that the accident resulted from the government's failure to erect a guardrail or warning sign at a dangerously sharp curve on Conzelman Road in the Golden Gate National Recreation Area, located in Marin County, California.

The Federal Tort Claims Act allows plaintiffs to recover damages for personal or property injury

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

The government's motion for summary judgment is based primarily on California's "recreational use" statute, Civil Code section 846, which states:

> An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section.
>
> A "recreational purpose," as used in this section, includes such activities as ... vehicular riding, ... sightseeing ... and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites.
>
> An owner of any estate or any other interest in real property, whether possessory or nonpossessory, who gives permission to another for entry or use for the above purpose upon the premises does not thereby (a) extend any assurance that the premises are safe for such purpose, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any act of such person to whom permission has been granted except as provided in this section.
>
> This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.
>
> Nothing in this section creates a duty of care or ground of liability for injury to person or property.

Cal.Civ.Code § 846.

The government contends that because section 846 immunizes real property owners from liability in negligence for injuries to persons who use property for recreational purposes, and because plaintiff cannot establish that he is within an exception to the immunity statute, the government's liability to plaintiff is precluded by section 846.

There is no dispute that at the time of the automobile accident plaintiff was engaged in recreational use of the Golden Gate National Recreation Area. There is also no dispute that plaintiff did not tender consideration for permission to enter the property and that plaintiff was not expressly invited rather than merely permitted to enter the property.

Plaintiff's opposition is based on two arguments. First, plaintiff contends that California Civil Code section 846 does not relieve the United States of liability for a

defective and dangerous roadway because of specific provisions of the California Tort Claims Act, Cal. Gov't Code §§ 830–840.6. Second, plaintiff argues that even if the provisions of the California Tort Claims Act do not apply to a federal governmental entity, the allegations in the complaint raise a material issue of fact with regard to the exception to section 846 for willful or malicious failure to guard or warn against a dangerous condition which defendant has not countered by affidavit or other evidence properly submitted.

■ To support his first argument plaintiff relies on *Nelsen v. City of Gridley,* 113 Cal.App.3d 87, 169 Cal.Rptr. 757 (1980), which held that a California public entity does not enjoy the benefits of Civil Code section 846, in light of specific provisions of the California Tort Claims Act applicable to government entities. Although other California appellate courts have held to the contrary, *see, e.g., Blakley v. State of California,* 108 Cal.App.3d 971, 167 Cal.Rptr. 1 (1980), the specific language of the Federal Tort Claims Act making the United States liable to the extent of a private individual under the applicable state law has been viewed by the Ninth Circuit as the basis for applying Civil Code section 846 to actions against the United States:

> How that split among the California courts is resolved is not pertinent to the issue pending here, for the Federal Tort Claims Act makes the United States liable for negligence in the same manner and to the same extent as a private individual would be in similar circumstances. 28 U.S.C. § 2674. Since California Civil Code § 846 doubtless applies to private persons, it must, therefore, also apply in the same way to the United States.

*Simpson v. United States,* 652 F.2d 831 (9th Cir.1981) (*citing Phillips v. United States,* 590 F.2d 297 (9th Cir.1979)), *see also Richards v. United States,* 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962); *Gard v. United States,* 594 F.2d 1230, 1233 (9th Cir. 1979). This Court therefore concludes that California Civil Code section 846 applies to immunize the United States from liability

for injuries sustained by a plaintiff engaged in recreational use of federal property unless plaintiff can come within one of the exceptions to immunity set forth in section 846. Furthermore, as the exceptions for situations where consideration has been given for permission to enter property and where there has been an express invitation do not apply, the only possible basis for imposing liability under the facts of this case would be upon a showing of willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.

Under California law, "[w]illful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results." *O'Shea v. Claude C. Wood Co.,* 97 Cal.App.3d 903, 909, 159 Cal.Rptr. 125 (1979) (*citing Lostritto v. Southern Pac. Transportation Co.,* 73 Cal. App.3d 737, 744, 140 Cal.Rptr. 905 (1977)); *see also Morgan v. Southern Pacific Transportation Company,* 37 Cal.App.3d 1006, 1011, 112 Cal.Rptr. 695, 698 (1974) ("willful or wanton misconduct," "recklessness," "reckless disregard," and combinations thereof all identify "'an aggravated form of negligence, differing in quality rather than degree from ordinary lack of care'") (*quoting* Prosser, Law of Torts § 34, at 184 (4th ed. 1971)).

In *Morgan,* the court identified three essential elements which must be present before a negligent act may be considered willful misconduct:

(1) actual or constructive knowledge of the peril to be apprehended,

(2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and

(3) conscious failure to act to avoid the peril.

*Morgan, supra,* 37 Cal.App.3d at 1011, 112 Cal.Rptr. 695. Plaintiff argues that a material fact is in issue with regard to his allegation of defendant's willful failure to protect against the inherent danger of Conzelman Road because the government did

not erect a barrier or warning sign and did not close an existing gate that would have prohibited access to the road. In urging this Court to deny defendant's motion for summary judgment, plaintiff cites *Simpson v. United States,* 652 F.2d 831 (9th Cir. 1981). In *Simpson,* the court stated: "When willfulness is an issue, summary judgment should be granted with caution, since questions such as intent or motive are presented." *Id.* at 834 (*citing Gard v. United States,* 594 F.2d 1230, 1234 n. 2 (9th Cir.), *cert. denied* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979)). Plaintiff in *Simpson* was injured when, as he retreated from a warning sign adjacent to hot water pools along a marked and paved trail, the ground gave way, tossing him into scalding water. The Ninth Circuit reversed the trial court's grant of summary judgment in favor of the government because in its view the dispute over facts regarding the type of warnings given raised a material issue of fact as to "[w]hether the efforts of the United States were so feeble as to rise to the level ·of willfulness . . . ." *Simpson, supra,* 652 F.2d at 834.

To support his allegation of willfulness, plaintiff submitted reports of seven accidents occurring prior to plaintiff's accident and reports of six accidents occurring after plaintiff's accident. As the focus is on the government's actual or constructive knowledge of the danger and the probability of injury at the time of the accident, *Morgan, supra,* 37 Cal.App.3d at 1011, 112 Cal.Rptr. 695, the accident reports post-dating plaintiff's accident (July 19, 1978) are irrelevant. Plaintiff also submitted an expert's evaluation of the accident scene which indicates his opinion that the lack of a guardrail, any warning sign, reflectorized delineators, or direction arrows violated widely accepted state-of-the-art highway safety engineering practice.

Of the seven prior accidents, all involved single vehicles and all occurred within close proximity to the place where plaintiff's vehicle left the road. One occurred in 1975 when the legal speed limit was listed at 25 mph; the vehicle was travelling at an estimated speed of 20 mph. Five occurred in 1976 when the legal speed limit had been reduced to 15 mph. Of the 1976 accident reports, two indicate speeds of 15 mph while the other three indicate speeds of 20 to 40 mph. The seventh accident occurred in 1977 while the legal speed limit was still 15 mph; the estimated speed of the vehicle was 30 mph.

Defendant argues that none of the evidence submitted by plaintiff raises a genuine issue of willfulness because (1) most of the prior accidents were caused by gross negligence on the part of the driver, and (2) the failure to provide protections is negative rather than positive conduct and therefore cannot be willful. Neither of these arguments reflects a correct legal rule.

First, while four of the prior accidents occurred when the driver was exceeding the posted speed limit, as was the plaintiff in this action, the contributory negligence of those drivers is no defense to the charge of willful misconduct on the part of the government. *See Haft v. Lone Palm Hotel,* 3 Cal.3d 756, 778 n. 23, 91 Cal.Rptr. 745, 478 P.2d 465 (1970); *Lostritto, supra,* 73 Cal.App.3d at 745, 140 Cal.Rptr. 905. The circumstances of the prior accidents are considered, but their importance is in evaluating the government's knowledge of the probability of injury. *See Lostritto, supra,* 73 Cal.App.3d at 745, 140 Cal.Rptr. 905.

Second, *Jones v. United States,* 693 F.2d 1299 at 1304–05 (9th Cir.1982), cited by defendants, does not support the proposition that a finding of willfulness must be based on affirmative acts creating a dangerous condition. Rather, the trial court found that the government had not acted willfully because the evidence established that the extent of the danger was not actually or reasonably known to the government. *See id.* at 1304. In affirming the trial court's opinion, the Ninth Circuit found distinguishable cases in which a hazardous condition had been created by the defendant and thus the defendant had actual knowledge that the hazard existed yet failed to provide any warning. *Id.* at 1305. This does not mean that a defendant must create a dan-

ger in order to be charged with willful misconduct in failing to provide protections. The issue was whether the defendant so inadequately protected against a known danger, regardless of how created, that the failure to warn could be considered willful.

■ Plaintiff has raised a material issue of willfulness because the accident reports are evidence from which a trier of fact could infer that the government had knowledge of the hazard and of the probability of injury and the expert's evaluation is evidence from which a trier of fact could infer that failure to provide greater protections was so far below accepted highway safety engineering practice as to amount to a conscious failure. Defendant has not submitted evidence which irrefutably dispels these inferences such that only the conclusion of nonwillfulness may reasonably be drawn from the facts. This Court cannot as a matter of law determine that the government did not act willfully in failing to provide greater protections at the curve on Conzelman road where plaintiff was injured.

Accordingly, it is ORDERED that defendant's motion for summary judgment is granted in part as to the applicability of California Civil Code section 846 to this action and denied in part as to the issue of the defendant's willfulness in failing to guard or warn against a dangerous condition.

It is further ORDERED that trial on the issues of liability and damages is severed.