**Dora CORYELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. SACV 92–353–GLT.**

United States District Court,
C.D. California.

March 3, 1994.

twisted her knee when her foot slipped into a gap between two metal ramps placed by military personnel to allow members of the public to walk in and out of a C–141 cargo airplane. Plaintiff underwent three surgeries as a result of the accident, and has incurred $30,000 in medical expenses.

 This Court previously denied Defendant's motion for summary judgment sought on the ground of property owner immunity under California Civil Code section 846. Plaintiff now moves for partial summary judgment, seeking a ruling that section 846 does not immunize Defendant from suit because there was an "express invitation" to the event.[1]

The court grants summary adjudication. Defendant is not immune from liability under section 846, because Plaintiff was "expressly invited."

Anson D. Reynolds, Wellman & Associates, Newport Beach, CA, for plaintiff Dora Coryell.

Nora M. Manella, U.S. Atty., Leon W. Weidman, Asst. U.S. Atty., Chief, Civ. Div., Sara R. Robinson, Asst. U.S. Atty., Los Angeles, CA, for defendant.

## ORDER ON MOTION FOR SUMMARY ADJUDICATION OF ISSUE

TAYLOR, District Judge.

The court holds that the United States is not immune from suit under California Civil Code section 846 for Plaintiff's injuries at a military air show, where an express invitation to attend the show was extended to the general public.

### I. BACKGROUND

This is an action under the *Federal Tort Claims Act,* 28 U.S.C. § 2671 et seq. Plaintiff alleges she was injured while attending the 1990 Air Show and Open House at the Miramar Naval Air Station. She fell and

### II. DISCUSSION

The 1990 Miramar Air Show was publicized on large billboards placed on federal property and visible from major highways. The billboards read "Miramar Air Show, See the Blue Angels, July 28 and 29, 537–NAVY." The Air Show graphic logo showing the Blue Angels was included. In addition, a press kit was provided to the media, containing press ribbons and parking cards, along with a schedule of events, and several informational press releases. Information given included the identity of the celebrity Grand Marshals, Louis Gossett, Jr. and Tony Danza, the fact that the spectator area was free but box seats and bleacher tickets could be purchased, recommended driving directions to avoid traffic, and health tips advising wearing hats, bringing drinking water, and leaving pets, children, and pregnant women at home.

---

1. Plaintiff contends the facts are not in dispute and this Court should decide the threshold issue of whether plaintiff was "expressly invited" within the meaning of section 846. Defendant objects to summary judgment, arguing it is impossible to know what portion of the information plaintiff presents was actually provided to the public, and that much of the information was disseminated by the media and not by the government. This concern does not present a barrier to deciding the immunity issue. In determining whether plaintiff was expressly invited, the court will evaluate only the material that undisputably was disseminated to the public, and will also take into account the undisputed means of dissemination. Summary adjudication of the immunity issue is appropriate because it is a "threshold" issue which determines whether plaintiff may proceed with the suit, and must eventually be decided by the court in this bench-trial case.

Defendant argues the press kit was intended solely for media use, and the newspapers were responsible for the content of informational news articles, so none of the material presented should be considered "invitational."

■ The Federal Tort Claims Act extends liability to the United States in the same manner and to the same extent as a private individual under state law. California Civil Code section 846 states that a landowner who gives permission to enter or use land for a recreational purpose does not extend any assurance that the premises are safe for that purpose, or incur liability for injury to one using the land. However, section 846 provides three exceptions, one of which is that the section does not "limit the liability which otherwise exists ... to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner."

Defendant relies on a line of cases involving plaintiffs injured while visiting national parks. In *Phillips v. United States*, 590 F.2d 297 (9th Cir.1979), plaintiff sued under the FTCA after he fell to the base of a waterfall while hiking in a national forest. The court held that promotional literature published by the Forest Service did not constitute an "express invitation" to the general public under Cal.Civ.Code section 846. The court discussed the policy behind the statute:

The purpose of section 846 was to encourage landowners to let members of the general public use their land for recreational purposes.... That purpose could not be achieved without sharply restricting potential liability to landowners for injuries that might be sustained by persons who were given permission to use the land for recreation.... In ordinary parlance, an advertisement to the general public is not considered an "express invitation" to each member of the public to whom the message is beamed. Nothing in the sparse legislative history of Civil Code § 846 suggests that a more encompassing reading of the term "expressly invited" was intended. To the contrary, the little history available indicates that *the Legislature intended the term "expressly invited" to include only*

*those persons who were personally selected by the landowner.*

*Id.* at 299 (emphasis added).

Following *Phillips,* several trial courts similarly held persons injured while visiting national parks were not "expressly invited." *See, e.g. Hannon v. United States,* 801 F.Supp. 323 (E.D.Cal.1992) (national park visitor injured by fall into hot pool denied recovery because promotional literature and signs for hot creek did not constitute express invitation); *Chidester v. United States,* 646 F.Supp. 189 (C.D.Cal.1986) (government immune when plaintiff injured by dive into creek at national forest, because national forest service literature, signs, publicity and provision of public facilities, either singly or in combination, did not render plaintiff expressly invited, rather than merely permitted).

In contrast to these cases, in *Simpson v. United States,* 652 F.2d 831 (9th Cir.1981), the court of appeals reversed the lower court's immunity-based award of summary judgment. In that case, plaintiff was injured at the Inyo National Forest when the ground gave way beneath him and he fell into a hot pool. Plaintiff argued the sign posted at the entrance to the recreational area stating "We invite you to marvel at the natural wonders of this great forest," along with the provision of paved parking areas, restroom facilities, and a visitors center offering tours and maps, constituted an "express invitation" to Plaintiff.

The court of appeals held a triable issue existed as to whether the facts constituted an express invitation. The *Simpson* court distinguished *Phillips,* stating:

No California court has considered the extent of the "express invitation" exception to California Civil Code § 846 in this respect. This circuit has gone so far as to hold that under certain circumstances promotional literature published by the Forest Service does not constitute an "express invitation" to the general public....

The Phillips case is of course not controlling here because no one has raised the issue of promotional literature. What is now an issue is whether a sign bearing an

invitation to the public ... coupled with the provision of public facilities ... can constitute an "express invitation"....

The California courts *have implied that an express invitation can comprehend an invitation made to the general public....* (citations omitted)

In view of the precedents existing in the foregoing California cases, *we cannot hold that an invitation to the public can never be an express invitation.* While *Phillips* contains dicta to the contrary, we must in this instance adhere to the holdings of the California courts....

*Id.* at 834–835 (emphasis added).[2]

Recently, an unreported Central District case held the government was immune under facts very similar to this case. In *Ravell v. United States of America,* CV–2842 KN, plaintiff was injured while attending the Norton Air Force Base Air Show when she tripped and fell over a tie-down hook inserted in the flight line. The trial court found plaintiff had not been expressly invited, despite the fact that the open house had been publicized in the media and a general invitation had been extended its "personal selection" language, was controlling and the result was in accord with public policy:

> The Court believes that the purpose of § 846 and the intent of the Legislature is best served in this case by the granting of immunity. This will encourage the Air Force to continue to open its land to the general public for the air shows that so many people enjoy.[3]

■ This court agrees with the *Simpson* holding that the "personally selected" language in *Phillips* is dicta, and that an invitation to the general public can be an "express invitation" under section 846. The undisputed evidence in this case shows that such an "express invitation" was made here.

As *Simpson* held, California law contemplates situations where an invitation to the public can constitute an express invitation. In the present case, unlike the "national park" cases, Defendant actively encouraged widespread public attendance at a specific event at a specific time and place. The use of press kits and freeway-visible billboards shows a desire to communicate with a wide audience, and the glowing terms in which the event was described by the press release, as well as the driving directions, phone numbers, health tips, and appointment of high-profile actors as Grand Marshals, all indicate a solicitation to attend, rather than mere permission to enter.

■ That Plaintiff learned about the event from her sister does not change the fact that the publicity was directed at her, as a member of the public. It was to be reasonably anticipated, and even hoped for by the event organizers, that the invitation would be spread by the public to as many people as possible.

■ The fact that some personal invitations were individually extended to certain politicians, sports figures, and other VIPs does not diminish the fact that the general public was also expressly invited. The means of transmitting the invitation may have been different, but the invitation was equally express.

It is difficult to imagine a more "express" invitation than the one here. It was explicit, and was certainly not implied. It was specific and exact. It was made and suited to a specific purpose and event.

The concern of the trial judge in *Ravell* is well-placed. It is a legitimate question whether the Air Force will be discouraged from opening its facilities to the public for air shows that so many people enjoy. Nevertheless, the invitation exception to section 846 is clear. It is for the California legislature or Congress, and not the courts, to adjust the landholder or governmental immunity laws if application of section 846 will work a hard-

---

2. On remand, the district court entered judgment for Defendant. Among other findings, the court held that the publicity given to Hot Creek by the government and private parties did not, taken collectively or individually, constitute an express invitation under section 846. *Simpson v. United States,* 564 F.Supp. 945 (C.D.Cal.1982).

3. The *Ravell* case is currently on appeal to the Ninth Circuit, has been briefed, and is awaiting oral argument. *Ravell v. United States of America,* No. 92–56269.

ship. In the meantime, the invitation exception applies in this case, and the Defendant is not immune.[4]

### III. *DISPOSITION*

For the foregoing reasons, the motion for summary adjudication is GRANTED, and it is ordered and adjudged that Defendant is not immune from Plaintiff's suit under California Civil Code section 846.

---

4. Having decided there was an express invitation under section 846, the court does not reach the additional arguments raised in *Ravell* that section 846 does not apply because (1) a military base is not a place of "recreation," and (2) a mass spectator event, such as a military air show, is not a "recreational purpose" under the statute.