**Joann RAVELL, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 92–56269.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1994.

Decided April 26, 1994.

---

Duke L. Peters, Los Angeles, CA, for plaintiff-appellant.

Marcus M. Kerner, Asst. U.S. Atty., Los Angeles, CA, for defendant-appellee.

Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Joann Ravell, who tripped and fell at an air show held at Norton Air Force Base in San Bernardino, California, brought this action for negligence against the United States. The United States asserted that under California's recreational use statute it owed her no duty and was, therefore, immune. Cal. Civ.Code § 846. The district court agreed. It granted summary judgment against Ravell and she appealed. We affirm.

## BACKGROUND

Norton Air Force Base is a military installation which is normally closed to the general public. However, for November 12, 1988, the general public was invited to enter the base to attend a free air show. The event was widely publicized in newspapers and was attended by 300,000 people. Members of the public were allowed into normally closed parts of the base like the flight line, where aircraft were often parked and tied down to hooks. The tie-down hooks were very large steel eyelets which were embedded in the concrete of the flight line flush with its surface.

Ravell went to the air show, tripped over one of the hooks, fell, and sustained injuries. She then sued the United States. Her presence on the base was simply as a member of the general public, although her son, who was stationed at the base, had also asked her to come and enjoy the show.

The district court granted summary judgment to the United States under California's recreational use statute and she appealed.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction under 28 U.S.C. § 1346(b). We have jurisdiction under 28 U.S.C. § 1291.

■ The district court's grant of summary judgment is reviewed de novo.[1] *Flintkote Co. v. United States,* 7 F.3d 870, 871 (9th Cir.1993). Summary judgment is appropriate when, viewing evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Orozco v. United Air Lines, Inc.,* 887 F.2d 949, 951 (9th Cir.1989).

## DISCUSSION

Under the Federal Tort Claims Act, the United States can be sued for its torts, but it is only liable "if a private person[ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also* 28 U.S.C. §§ 2674–80; *Termini v. United States,* 963 F.2d 1264, 1265 (9th Cir.1992). That means that the United States must be treated as a private person for purposes of our analysis, even if a different rule would apply to California governmental entities. *See Simpson v. United States,* 652 F.2d 831, 833 (9th Cir.1981); *see also Delta Farms Reclamation Dist. v. Superior Court,* 33 Cal.3d 699, 710, 190 Cal.Rptr. 494, 501, 660 P.2d 1168, 1175 (recreational use immunity does not apply to state municipal landowners), *cert. denied,* 464 U.S. 915, 104 S.Ct. 277, 78 L.Ed.2d 257 (1983).

■ Under California law, private landowners are afforded "a substantial measure of immunity from liability for injuries incurred by those entering or using their land for recreational purposes." *Termini,* 963 F.2d at 1265. That law is designed to en-

---

1. The government asserts that the district court's interpretation of section 846 should be reviewed for clear error. While it was once true that a district court's interpretation of the law of the state in which it sat was afforded great weight on appeal, it has not been true for years. District court determinations of state law are now reviewed de novo. *Salve Regina College v. Russell,* 499 U.S. 225, 232, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991); *In re McLinn,* 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).

courage landowners to allow members of the public to come onto their land for recreational purposes and to assure those owners that they will not be sued for their generosity. *See, e.g., Johnson v. Unocal Corp.*, 21 Cal. App.4th 310, 315, 26 Cal.Rptr.2d 148, 152 (1993). The statute reads, in pertinent part:

> An owner of any estate or any other interest in real property ... owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section.

> A "recreational purpose," as used in this section, includes such activities as fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, hang gliding, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites.

> . . . .

> This section does not limit the liability which otherwise exists ... to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.

Cal.Civ.Code § 846.

Ravell contends that the government is not entitled to section 846 immunity in this case because: (1) the flight line at the base was not suitable for recreational use; (2) a public air show is not a recreational use; and (3) she was an express invitee to the air show.[2] Those arguments may have had some chance of success when they were first made, but California's interpretation of its law has now outstripped them.

(1) *Suitability of Land for Recreational Use.*

■ California did have a line of cases which deprived landowners of the immunity conferred by section 846, if a court determined that their land was not suitable for recreational use. *See, e.g., Paige v. North Oaks Partners*, 134 Cal.App.3d 860, 184 Cal. Rptr. 867 (1982). That line of cases has now been assigned to the dustbin of California legal history. The California Supreme Court has declared that there is no suitability exception in the recreational use statute and that neither law nor logic requires, or allows, the courts to graft that exception onto it. *Ornelas v. Randolph*, 4 Cal.4th 1095, 1108, 17 Cal.Rptr.2d 594, 603, 847 P.2d 560, 569 (1993). "One who avails oneself of the opportunity to enjoy access to the land of another for one of the recreational activities within the statute may not be heard to complain that the property was inappropriate for the purpose." *Id.* Ravell's argument to the contrary cannot succeed.

(2) *Recreational Nature of the Use.*

■ Despite the encompassing nature of the word "recreation" and the broad list of passive and active activities mentioned in section 846, Ravell now asserts that attending and watching an air show is not recreational. *But see Ornelas*, 4 Cal.4th at 1100–02, 17 Cal.Rptr.2d at 597–98, 847 P.2d at 563–64.

However, at the district court the government claimed that the use was recreational and Ravell did not dissent. We, therefore, will not consider this issue, which was raised by her on appeal for the first time. *See United States v. Reyes*, 8 F.3d 1379, 1390 (9th Cir.1993); *Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985).

(3) *Express Invitee.*

■ Ravell's claim that because she was an express invitee the United States cannot rely upon the recreational use statute has

---

**2.** At oral argument Ravell first claimed that the government received consideration in the form of "public relations benefits" and is thus denied immunity pursuant to another section 846 exclusion. We do not consider arguments raised so late in the proceedings. Moreover, we have decisively rejected similar attempts to have the exclusion read so expansively. *See Mansion v. United States*, 945 F.2d 1115, 1118–19 (9th Cir.1991).

also been eclipsed by the development of California law.

As a federal court we are often in the unenviable position of opining on the law of a state, even though the state itself has not distinctly spoken on the subject. In *Phillips v. United States*, 590 F.2d 297, 299–300 (9th Cir.1979), we undertook that task and opined that an advertisement or other invitation to the general public was *not* an express invitation to anyone in particular. As we indicated, we saw the exception as limited to "those persons who were personally selected by the landowner." *Id.* at 299. In *Simpson*, 652 F.2d at 834–35, however, we doubted ourselves and perceived the possibility that an invitation to the general public in the form of a sign and facilities might be an express invitation. *See also Coryell v. United States*, 847 F.Supp. 148 (C.D.Cal.1994).

Now we are satisfied that California law demonstrates that we were correct, perhaps even prescient, when we decided *Phillips*. In *Johnson*, the court rejected a claim by a picnicker that he was an express invitee because his organization was invited and said this:

> Johnson contends he is an express invitee because Abex executed Unocal's permission agreement. The execution of this agreement between Abex and Unocal is not a *direct, personal request* from Unocal to Johnson to attend this picnic. Therefore, Johnson is not an express invitee of Unocal. He does not fall within the exception to immunity established by section 846 for express invitees.

21 Cal.App.4th at 317, 26 Cal.Rptr.2d at 153 (emphasis added.)

We might have had some hesitation in accepting that cryptic statement were it not for the fact that *Johnson* came after *Ornelas* and thereby follows the generous reading of the recreational use statute that the California Supreme Court has insisted upon. The California Supreme Court has recognized the need for recreation—in the city as well as in the wilds—and the breadth of uses that can

be recreation—including highly structured ones like viewing historical or scientific sites. *Ornelas,* 4 Cal.4th at 1100–09, 17 Cal.Rptr.2d at 597–603, 847 P.2d at 563–69. And the court showed no desire to undermine the statute with elusive, unpredictable, and even perverse interpretations that can "thwart the laudable goal of inducing owners to make their properties available for recreation." *Id.* at 1107, 17 Cal.Rptr.2d at 602, 847 P.2d at 568. As even our two previous forays into this area show, that is precisely what deviations from the concept of a direct personal invitation could lead to. *Compare Phillips,* 590 F.2d at 298–300, *with Simpson,* 652 F.2d at 834–35. Thus, we are satisfied that *Johnson* correctly sets forth the law of California. As a result, Ravell cannot prevail.[3]

## CONCLUSION

We do not doubt that Ravell was injured when she tripped and fell at the air show. That, of course, does not mean that the United States must reimburse her for her damages. The law of California determines that issue—it determines whether the landowner should have been more careful or whether the person who came onto the land for recreation should have been more careful, or both. In the context of this case, that law declares that when Ravell, a member of the general public, came onto the Norton Air Force Base without a direct personal invitation, the United States did not owe her a duty of care to make the flight line safe for her use.

**AFFIRMED.**

---

3. Ravell's son's request that she come to the show does not advance her cause. She presented no facts to indicate that he was, in any sense, authorized to make express invitations on behalf of the United States which went beyond the advertised invitation to the general public. Liability cannot turn on such ephemera as a son's asking his mother to come to a public event.