92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Vongrastic LOGAN, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO, Defendant-Appellee.
 No. 95-55876.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge; SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Vongrastic Logan, a California state prisoner, appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's ruling on the appropriate statute of limitations, Taylor v. University of California, 993 F.2d 710, 711 (9th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 890 (1994), and we affirm.
 
 
 3
 Federal courts apply the statute of limitations of the state in which the claim arises for section 1983 actions. Wilson v. Garcia, 471 U.S. 261, 269 (1985). State law also determines the application of tolling doctrines. Id. In California, the applicable statute provides for a limitations period of one year from the date the cause of action accrues. See Cal.Civ.Proc.Code § 340(3); Taylor, 993 F.2d at 711.
 
 
 4
 Because Logan filed this action on May 21, 1993, over a year after he was convicted and sentenced, the district court properly concluded that Logan's claim was barred by the statute of limitations. See Cal.Gov't Code § 945.3; Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam).
 
 
 5
 Because we conclude that the statute of limitations had run, at the latest, by December 9, 1992, we reject Logan's contention that the action was tolled pursuant to Cal.Civ.Proc.Code § 352.1(a). See Elliot, 25 F.3d at 803.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address Logan's contention that the district court should have imposed sanctions on defendants for withholding of discovery because he raised it for the first time on appeal. See Ravell v. United States, 22 F.3d 960, 962 (9th Cir.1994)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)