104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnold W. LARSEN, an individual, Plaintiff-Appellant,
v.
TOWN OF CORTE MADERA, a governmental entity, Defendant-Appellee.
 No. 96-15712.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnold W. Larsen appeals pro se the district court's summary judgment in favor of the Town of Corte Madera ("Town") in his 42 U.S.C. § 1983 action in which Larsen sought a declaratory judgment that the Town violated his right to equal protection by denying his applications to build an addition onto the roof of his house. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's summary judgment de novo. Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir.), cert. denied, 115 S.Ct. 193 (1994).
 
 
 4
 To establish an equal protection claim based upon local land use decisions, a plaintiff must show that his property has been treated differently from similarly situated property. Id. at 1240. Unless the distinctive treatment of the plaintiff involves either a fundamental right or a suspect classification, the governmental action need only be rationally related to a legitimate state interest. Id. at 1238.
 
 
 5
 First, Larsen must establish that there is similarly situated property to which his property may be compared. See id. at 1240; see also Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995). Here, we conclude that the district court properly found that Larsen had succeeded in demonstrating that his property was similarly situated to a residence located at 6 Seminole Drive, whose owner had been given permission to build a second-story addition. Cf. Kawaoka, 17 F.3d at 1240.
 
 
 6
 Next, Larsen had to show that there was no rational basis for the Town's actions. See Wedges/Ledges of California v. City of Phoenix, 24 F.3d 56, 67 (9th Cir.1994). The Town submitted evidence that it adopted a new General Plan in 1989.[1] The General Plan reflected concerns voiced by Town residents that second-story additions should not be liberally granted.[2] Thus, the record indicates that Larsen's applications to build an addition to his home implicated Town policies which disfavored vertical additions. In comparison, the property located at 6 Seminole Drive had received permission to build its second-story addition in 1987, two years before the more restrictive General Plan was adopted in 1989.
 
 
 7
 Moreover, the record reflects that the Town Council's decision to deny Larsen's request to expand was based not only on the goal articulated in the 1989 General Plan to preserve the "low-lying one-story character of the neighborhood," but also on the fact that the proposed roof line would impact neighbors' views, and that Larsen failed to establish that the proposed new roof would enhance the functioning of solar panels. We conclude that the district court properly determined that these concerns constituted a legitimate governmental interest. See Kawaoka, 17 F.3d at 1236.
 
 
 8
 We also conclude that the district court properly found that it was at least fairly debatable that the Town's denial of Larsen's application is rationally related to the Town's legitimate interest in maintaining the residential character of neighborhoods and preserving views. See Nelson v. City of Selma, 881 F.2d 836, 839 (9th Cir.1989). Moreover, we note that Larsen failed to submit evidence that the denial of his application was not rationally related to this legitimate interest. See Kawaoka, 17 F.3d at 1240-41. Accordingly, we conclude that the district court properly granted summary judgment to the Town. See id. at 1241.
 
 
 9
 We decline to address Larsen's contention that state law preempts by implication the Town's denial of his application because he raised it for the first time on appeal. See Ravell v. United States, 22 F.3d 960, 962 (9th Cir.1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee's motion to take judicial notice of the Town's General Plans for the years 1975 and 1989 is granted. See Fed.R.Evid. 201(b) & (d); Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207 n. 5 (9th Cir.1995), cert. granted, 65 U.S.L.W. 3219 (U.S. Oct. 1, 1996) (No. 95-1621)
 
 
 [2]
 In his opening brief, Larsen acknowledges that neighbors in the Madera Gardens subdivision objected to his proposed new roof because they feared that this would create a precedent in the neighborhood for second stories