**Richard J. TOOMEY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. CV–F–88–424 REC.**

United States District Court,
E.D. California.

May 18, 1989.

Marlin Costello, Fresno, Cal., for plaintiff.

Mark Cullers, Asst. U.S. Atty., Fresno, Cal., for defendant.

### DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT

COYLE, District Judge.

On May 15, 1989 the court heard defendant's Motion for Summary Judgment.

Upon due consideration of the written and oral arguments of the parties, the court now enters its order granting the motion as set forth herein.

The United States moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the ground that there is no genuine issue of material fact. They claim that California Civil Code § 846 applies to them as the owner of real property used for recreational purposes by others, and that they have fulfilled their duty of due care as to the premises' safety.

## I. Statement of Facts.

On October 16, 1985 plaintiff was riding his motorcycle on public lands surrounding the Desert Tortoise Natural Area ("DTNA") located in Kern County. The area consists primarily of desert and low scrub vegetation. While the DTNA was formally closed to vehicles in 1980 under the Desert Conservation Area Plan, the public lands surrounding the DTNA are designated as "limited use" areas, i.e., vehicles are allowed only on existing routes of travel unless otherwise posted. Cross-country and off-trail travel is not permitted.

The DTNA is enclosed by approximately 31 miles of protective fencing which was constructed in 1977 and 1978. The fence is of woven, green steel wire and four-inch wooden posts. The posts are positioned 16.5 feet apart, and there is a 10–12 inch space at the bottom of the fence to permit the natural movement of desert tortoise and other wildlife. Defendant contends that the fence is marked with "Natural Area/Vehicle Closure" signs at ⅟16th mile intervals, and that signs warning off-road vehicles to stay on designated trails are posted at major access routes into the area.

At approximately 3:00 p.m., plaintiff ran into the fence surrounding the DTNA on his motorcycle at a speed of about 45 miles per hour. At the time of his accident, he was not traveling on one of the roads designated for vehicle use. Plaintiff suffered a broken clavicle, broken ribs, a broken shoulder blade and bruises. Plaintiff claims that the fence was negligently constructed and maintained, and that defendant breached its duty to warn those in plaintiff's situation of the presence of the fence.

## II. Federal Tort Claims Act/California Civil Code § 846.

Plaintiff seeks recovery against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680. The FTCA makes the United States liable for negligence in the same manner and to the same extent as a private individual in similar circumstances. *Phillips v. United States*, 590 F.2d 297 (9th Cir.1979). Therefore the tort liability of the United States, if any, is to be determined according to the laws of California. *Simpson v. United States*, 652 F.2d 831 (9th Cir.1981); *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).

The United States argues that California Civil Code § 846 applies to them as the owner of the property in question. This section applies to property used for recreational purposes, and provides that the owner owes no duty of due care to keep the premises safe for entry or use by others for such purposes or to give any warning of hazardous conditions, subject to the exceptions specified. Those exceptions include situations where consideration has been given for permission to enter the property, where there has been an express invitation to enter, or where there has been a showing of willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.

In the present case, no consideration or fee was paid by plaintiff for the use of this property. In addition, there was no express invitation to enter. Therefore, the only possible basis for imposing liability under the facts of this case would be a showing of willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity. Under California law, "willful or wanton misconduct is intentional wrongful misconduct, done either with a knowledge that serious injury to another will probably result, or with a

**428**

wanton and reckless disregard of the possible results." *O'Shea v. Claude C. Wood Co.*, 97 Cal.App.3d 903, 159 Cal.Rptr. 125 (1979); *Morgan v. Southern Pacific Transportation Company*, 37 Cal.App.3d 1006, 112 Cal.Rptr. 695 (1974). In *Morgan*, the court identified three essential elements which must be present before a negligent act may be considered willful misconduct: 1) actual or constructive knowledge of the peril to be apprehended, 2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger and 3) conscious failure to act to avoid the peril.

Plaintiff's only argument in opposition to this motion is that § 846 has been held not to immunize California public entities that own property. *Delta Farms Reclamation District v. Superior Court*, 33 Cal.3d 699, 190 Cal.Rptr. 494, 660 P.2d 1168 (1983). The *Delta* case disapproved of a line of cases which had held § 846 applicable in government entity cases, specifically overruling the case of *English v. Marin Municipal Water District*, 66 Cal.App.3d 725, 136 Cal.Rptr. 224 (1977), in which liability was denied a plaintiff who rode a motorcycle over a precipice. Thus, plaintiff argues, § 846 does not apply and the standard of ordinary negligence must govern instead of the willful or wanton misconduct standard imposed by the code section.

█ While § 846 immunity was held inapplicable to California public entity property owners in *Delta Farms*, the FTCA makes the United States liable only to the extent that a private individual would be under like circumstances. *Phillips.* Congress expressly stated that the federal government's liability is to be determined by the private person standard. *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955). The federal statute takes precedence over the state code section. Therefore the immunity created by § 846, which is still available to private persons, is also applicable to the federal government because it is liable only as a private individual would be under like circumstances. *Ewell v. United States*, 776 F.2d 246 (10th Cir.1985) (applying Utah recreational statute); *Hegg v. United States*, 817 F.2d 1328 (8th Cir.1987) (applying and upholding district court's interpretation of Iowa recreational statute). Thus, the relevant determination is whether the government's actions amounted to willful misconduct.

█ Prior to plaintiff's accident there had been no reported accidents involving the fencing surrounding the DTNA, and no complaints had been filed regarding the construction, maintenance or failure to warn of the fence's presence. Therefore, defendant did not have actual or constructive knowledge of any danger or probable injury. And while the Complaint alleges that "[t]here are no warning signs either upon the fence or in the immediate vicinity of the fence or at regular intervals along the fence", plaintiff admitted during oral argument that the signs which defendant contends are present do indeed exist. Thus, defendant did act to avoid potential injury and, consequently, did not willfully or maliciously fail to guard or warn against a potentially dangerous condition. There is no genuine issue of material fact and, as such, defendant is not liable under California Civil Code § 846 and the FTCA.

ACCORDINGLY, IT IS ORDERED that defendant's Motion for Summary Judgment is granted.