Marc HANNON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV–F–91–045 OWW.

United States District Court, E.D. California.

April 2, 1992.

David C. Byers, Iacopino & Byers, Sherman Oaks, Cal., for plaintiff.

Sheila K. Oberto, Asst. U.S. Atty., Fresno, Cal., for defendant.

## MEMORANDUM OPINION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WANGER, District Judge.

### I

### BACKGROUND

Plaintiff Marc Hannon seeks recovery under the Federal Tort Claims Act ("FTCA" 28 U.S.C. Sections 1346(b) and 2671–2680) for personal injuries sustained when he fell into scalding Water in the Hot Creek Geothermal Area of the Inyo National Forest while attempting to rescue his dog. Defendant United States seeks summary judgment on three grounds: 1) recreational use immunity under California Civil Code § 846; 2) defendant owes no duty to protect plaintiff against open and obvious conditions and 3) Plaintiff's recklessness proximately caused his injury. Summary judgment on the first ground is appropriate. The other grounds need not be addressed.

*Undisputed Facts*

On the morning of May 7, 1989, plaintiff, his brother Michael and his two dogs visited the Hot Creek Area. Plaintiff, a twenty-two year old adult, had been living in the Mammoth Ranger District, which contains the Hot Creek Area, for almost five years. In May of 1989, plaintiff lived approximately ten miles from the Hot Creek Area and had visited before. Plaintiff knew prior to his visit in May that extremely hot waters were present in the area. (Plfs. response to Request for Admissions No. 5) During these previous visits, plaintiff had seen signs warning visitors of dangers in the area.

After parking his car in the designated parking area, plaintiff, his dogs, and his brother took a paved path to steps which led to a fenced area around hot pools. The path leads to a natural creek next to fenced areas of hot pools. The Forest Service conducts regular evaluations of the area to make sure fences are maintained properly, and to evaluate the need for additional fencing and signs.

The fence at issue in this case was at the top of a steep incline, approximately 15–20 feet above the hot pools. This fence continued down a slope parallel to the hot pools, and extended to the cool part of the stream. At the time of construction, the fence met the water's edge but the volume of the creek fluctuates on a daily basis. In April of 1989, one month before the accident, the stream met with the fence.

Upon arrival near the fenced area, plaintiff and his brother stopped to talk to Leslie Sepp Mann, another visitor to the park. During this conversation, one of plaintiff's dogs went around the fence to the cool part of the creek. Plaintiff's brother saw the dog stray around the fence and called him to come back but the dog continued into the fenced area.

Plaintiff then heard the dog's cries and jumped over the fence and hiked down the steep incline to attempt a rescue of the dog. Before going over the fence, plaintiff saw steam coming out of the hot pools and knew that the water was scalding. Plaintiff could not rescue the dog, and instead the dog pulled him into the scalding water.

On the day of the accident, both plaintiff and his brother saw a sign titled "Dangers of Hot Creek" before plaintiff entered the waters of the hot pools. (Plfs. responses to Def. First Set of Interrog. # 39—Exh. 4 7:11–14; Text of Int. # 39 at Exh 3 17–18) [1] This sign was located along the paved path leading from the parking lot to the fenced area above the hot pools. Plaintiff admits seeing warning signs in the Hot Creek Area during his previous trips, prohibiting glass bottles and generally warning of dangers from the water.

---

1. Plaintiff alleges in his deposition that he did not see any warning signs on the day of the accident. (Marc Hannon, 27:15–18; 59:14–17).

Three other signs were present in the area. A sign on the wall of the building near the parking lot where plaintiff parked on May 7, 1989 warned persons entering the Hot Creek Area of its dangers. Another sign along the path warned "Dogs on Leash No Nude Bathing No Soap No Shampoo No Bottles No Glass." A fourth sign along the path warned "DANGEROUS AREA Scalding Water Unpredictable Eruptions Unstable Ground Sporadic High Pollution Sudden Temperature Changes Broken Glass Arsenic in Water" Plaintiff does not dispute the sworn testimony of Officer Clausen, nor question the photographic exhibits. This evidence is undisputed.

On May 7, 1989, signs were also posted at 15 to 30 foot intervals along portions of the fence warning "DANGER SCALDING WATER KEEP PUT." One of these signs was posted below the steps plaintiff took to the hot pools on the day of the accident. Plaintiff does not dispute this testimony or exhibit.

Plaintiff did not pay to enter either the National Forest or the Hot Creek Area on May 7, 1989.

## II

### STANDARDS ON MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252–56, 106 S.Ct. 2505, 2512–14, 91 L.Ed.2d 202 (1986). The Court in *Celotex* elaborated:

In our view, the plain language of Rule 56(c) mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

477 U.S. at 322–323, 106 S.Ct. at 2552. This standard applies in the Ninth Circuit. *Shaw v. Lindheim,* 908 F.2d 531, 536–537 (9th Cir.1990); *U.S. v. Lot 4, Block 5 of Eaton Acres,* 904 F.2d 487, 490 (9th Cir. 1990).

The Court is not obligated to consider matters not specifically brought to its attention. *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, supra,* 477 U.S. at 249, 106 S.Ct. at 2510. Evidence submitted in support of or in opposition to a motion for summary judgment must be admissible under rules governing admission of evidence generally. *Hal Roach Studios, Inc. v. Feiner & Co., Inc.,* 883 F.2d 1429, 1437 (9th Cir.1989).

The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538. Nevertheless, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." *Anderson v. Liberty Lobby, supra,* 477 U.S. at 255, 106 S.Ct. at 2513. The Court's role on summary judgment, however, is not to weigh the evidence (issue resolution), but rather it is issue finding. *Id.*

### III

### DISCUSSION

The FTCA makes the United States liable for negligence in the same manner and to the same extent as a private individual would be in similar circumstances. *Phillips v. United States,* 590 F.2d 297 (9th

Cir.1979); *Toomey v. United States,* 714 F.Supp. 426, 427 (E.D.Cal.1989). Plaintiff must establish that the United States would be liable to plaintiff under the law of California. *Richards v. U.S.,* 369 U.S. 1, 6–8, 82 S.Ct. 585, 589–590, 7 L.Ed.2d 492 (1962); *Simpson v. U.S.,* 652 F.2d 831, 832 (9th Cir.1981).

Under California law, a land owner generally owes no duty of care to persons who use the property for recreational purposes. California Civil Code § 846 provides in pertinent part

> An owner of any estate or of any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of structures, or activities on such premises to persons entering for such purpose, except as provided in this section.

Cal.Civ.Code § 846 (1982)

Section 846 attaches a duty of care only when 1) a land owner acts willfully or maliciously or; 2) the land owner receives compensation for use of the property or; 3) the land owner invites, rather than permits, plaintiff's entry.

Initially plaintiff argues that defendant has failed to submit "evidence of ownership of the land." (Opp. at 8:22–23) As defendant notes, plaintiff specifically alleged that Hot Creek is owned "by employees of the United States of America by and through its Department of Forestry and/or Department of Agriculture." (Complaint ¶ 6) Defendant admitted this fact in the answer. (Answer ¶ 6). Plaintiff's argument is frivolous as it has neither factual nor legal foundation.

■ Plaintiff alternatively argues with equivalent lack of merit, that if the United States does own the Hot Creek Area, then recreational use immunity does not apply to defendant due to its public entity status. Plaintiff cites several recent California decisions that have limited § 846 to cases of private landownership. *See e.g., Hubbard v. Brown,* 50 Cal.3d 189, 193, 266 Cal.Rptr. 491, 785 P.2d 1183 (1990); *Delta Farms*

*Reclamation Dist. v. Superior Court,* 33 Cal.3d 699, 190 Cal.Rptr. 494, 660 P.2d 1168 (1983).

The specific language of the FTCA, however, makes the United States liable for negligence in the same manner and to the same extent as a *private individual* under the applicable state law. *Simpson v. U.S.,* 652 F.2d 831, 833 (9th Cir.1981); *Toomey, supra* 714 F.Supp. at 427 (emphasis added). In *Simpson,* the Ninth Circuit considered the debate in California concerning public entity immunity and concluded

> How the split among California courts is resolved is not pertinent to the issues pending here, for the Federal Tort Claims Act makes the United States liable for negligence in the same manner and to the same extent as a private individual would be in similar circumstances. 28 U.S.C. 2674. Since California Civil Code Section 846 doubtless applies to private persons, it must, therefore, apply in the same way to the United States.

*Simpson, supra* 652 F.2d at 833 (citing *Phillips, supra*). While the California Supreme Court has settled the split, § 846 still applies to private persons, so it must also apply to the United States in this case. *See also, Mattice v. United States,* 752 F.Supp. 905, 909 (N.D.Cal.1990) (Plaintiff's argument "patently invalid;" United States may invoke § 846 in its defense when sued under FTCA).

Plaintiff suggests that all three exceptions to use immunity apply in this case because: 1) the United States received compensation for use of the property; 2) the United States acted willfully or maliciously; 3) the United States invited, rather than permitted, plaintiff's entry.

*No Consideration Paid*

Plaintiff contends that defendant has not offered proof "that *no* recreational user of the area had ever paid consideration for such recreational use." (Opp. at 8:25–26) Section 846 provides in pertinent part:

> This section does not limit liability which otherwise exists ... (b) for injury suffered in any case where permission to enter for the above purpose was granted

for consideration ... or where consideration has been received from others for the same purpose.

Cal.Civ.Code § 846

It is unnecessary to decide whether any payment for recreational use at any time by anyone bars all use immunity. Even under plaintiff's reading of the statute, the exception does not apply. Officer Clausen, who has been employed by the Forest Service since 1978 testified "[w]e've never charged admission" to the Hot Creek Area. Plaintiff offers no evidence that defendant has ever accepted consideration for entrance to the Hot Creek Area, and has no admissible evidence to counter the sworn testimony of Officer Clausen. The moving party has come forward with admissible evidence in support of summary judgment and the non-moving party has failed to offer evidence that would allow a reasonable trier of fact to conclude that the United States had ever charged admission to the Hot Creek Area.

▪ Plaintiff argues that the payment of fees by others for entry into campgrounds elsewhere within the Inyo National Forest brings the entire Forest, including the Hot Creek Area, under the consideration exception to § 846. Plaintiff offers no cases in support of such a broad reading of the § 846(b) consideration exception. In *Judd v. U.S.*, 650 F.Supp. 1503 (S.D.Cal.1987), the court rejected a similar claim because 1) the accident did not occur on a campsite; 2) no evidence, such as signs directing campers or a clear trail, suggested a connection between the area of injury and a campsite; 3) government sponsored literature did not suggest that anyone swim in the area where plaintiff suffered injury. It is undisputed that the Hot Creek Area is not a campsite. Plaintiff has offered no evidence of a connection between the Hot Creek Area and any campsite. The third issue treated by the *Judd* court goes to the invitation exception, not the question of consideration. *Compare Graves v. United States Coast Guard*, 692 F.2d 71 (9th Cir. 1982) (No immunity when plaintiff paid consideration for use of campground next to river and plaintiff suffered diving injury).

At the hearing, plaintiff argued that the California legislature could not have intended that a landowner should be able to shield an entire parcel of land from liability because a small part is used for recreation while consideration must be paid for use of the rest. This case, in fact, presents the opposite scenario: plaintiff seeks to hold the United States liable for any uses of any part of the Inyo National Forest when consideration is accepted for the use of some other small portion of the land. Plaintiff admits paying no consideration for entrance to the National Forest, parking near the Hot Creek Area, or entrance into the Hot Creek Area where he ultimately suffered injury. The fact that somewhere else in the Inyo National Forest someone other than the plaintiff is charged for services does not negate the immunity defense throughout the Forest.

*No Willful or Malicious Conduct*

▪ Plaintiff argues that defendant deserves no recreational use immunity because it acted "willfully or maliciously." Under Section 846, the landowner's duty to the non-paying, uninvited recreational user is, in essence, no greater than that owed a trespasser under the common law as it was known prior to *Rowland v. Christian*, 69 Cal.2d 108, 119, 70 Cal.Rptr. 97, 443 P.2d 561 (1968); *Delta Farms Reclamation Dist. v. Superior Court*, 33 Cal.3d 699, 706, 190 Cal.Rptr. 494, 660 P.2d 1168 (1983). The recreational trespasser on private land assumes the risk of injury, absent willful or malicious misconduct by the landowner. Cal.Civ.Code § 846.

Under California law, the concept of willful misconduct has a well-established, well-defined meaning. "Willful or wanton misconduct is intentional wrongful misconduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results." *O'Shea v. Claude C. Wood Co.*, 97 Cal.App.3d 903, 912, 159 Cal. Rptr. 125 (1979); *Toomey v. United States*, 714 F.Supp. at 427–428.

Willful and malicious conduct is different from negligence. *Palmer v. United States*, 945 F.2d 1134, 1137 (9th Cir.1991). It is not presumed, plaintiff has the burden to "specify the particular acts upon which the willful misconduct of the person that is charged." *Charpentier v. Von Geldern*, 191 Cal.App.3d 101, 108, 236 Cal.Rptr. 233 (1987).

In *Toomey*, the court outlined the three elements essential to a finding of willful misconduct: 1) actual or constructive knowledge of the peril to be apprehended; 2) actual or constructive knowledge that injury is a probable as opposed to a possible, result of the danger, and 3) conscious failure to act to avoid the peril. *Id.* at 428. " 'Willful or wanton misconduct' travels under several other names. Its aliases include 'serious and willful misconduct,' 'wanton misconduct,' 'reckless disregard,' 'recklessness,' and combinations of some or all of these. These terms are interchangeable because all identify the same thing— 'an aggravated form of negligence, differing in quality rather than degree from ordinary lack of care.' " *New v. Consolidated Rock Products Co.*, 171 Cal.App.3d 681, 689, 217 Cal.Rptr. 522 (1985).

Plaintiff does not dispute defendants' evidence concerning the presence of warnings. Rather plaintiff points to 1) defendant's knowledge of a potential gap between the fence and the water;[2] 2) the fact that many people went into the water at cooler areas; 3) defendant's consideration and rejection of closing the area or increasing patrols.

The critical issue is whether defendant's alleged failure to act rose to the level of willful or malicious conduct. This is determined by showing a conscious failure to act. Plaintiff has not submitted evidence that creates a material issue of fact that defendants' failed to act to warn the public of danger. (*Compare Von Tagen v. United States*, 557 F.Supp. 256 (N.D.Cal.1983)) (denial of summary judgment for defen-

dant upon expert testimony of inadequate highway safety and seven prior accidents).

This court in *Toomey* found the United States immune under § 846 when plaintiff drove his motorcycle on roads not designated for vehicle use and hit a fence. The United States had marked the fence at 1/16th mile intervals with signs stating "natural area/vehicle closure" and signs at major access routes warned against leaving designated trails. 714 F.Supp. at 427 As in this case, the posted signs warned of danger. The warnings of scalding water in this case are even more specific than the signs in *Toomey* and present a stronger case for immunity.

In addition, undisputed evidence in this case indicates that defendant patrolled the area for noncompliance with park rules. (Plfs. Opp. at 6:23–24). In fact, plaintiff's attorney was ticketed for being behind a fenced area. Plaintiff argues that defendant's consideration of increasing staff or closing the area proves a willful and malicious failure to act. The fact that defendants knew of possible dangers but did not take absolutely all possible measures to protect the public does not mean defendant acted willfully and maliciously. *See e.g. Bowden v. U.S.*, CV–F–90–398–OWW, 1992 WL 275581 (E.D.Cal. February 20, 1992) (Forest Service need not physically close roads if signs are posted); *Simpson v. U.S.*, 564 F.Supp. 945 (C.D.Cal.1982) (signs warning of scalding water and fencing of hot pools sufficient).

*No Express Invitation*

■ Finally, plaintiff argues that this case presents a triable issue as to whether plaintiff was invited in light of *Simpson v. U.S.*, 652 F.2d 831, 834–835. In *Simpson*, the Ninth Circuit held that plaintiff could pursue a claim that an invitation to the general public could constitute an express invitation within the meaning of the § 846 exception. On remand, the District Court held that the combination of public facilities and "publicity given the Hot Creek by the government and by private parties tak-

---

**2.** Plaintiff admits jumping *over the fence* so the gap is only relevant to injuries sustained by the dog.

en collectively or individually did not constitute an express invitation within the meaning of California Civil Code § 846." *Simpson v. U.S.*, 564 F.Supp. at 950.

Similarly, in *Chidester v. U.S.*, 646 F.Supp. 189 (C.D.Cal.1986), the Court held that provision of public facilities, distribution of Forest Service literature, and various signs "do not render plaintiff expressly invited rather than merely permitted to enter defendant's premises on the date of the accident within the meaning of Cal.Civ. Code § 846(c)." *Id.* at 193–94.

Plaintiff in this case presents the same evidence presented in *Simpson*. Plaintiff notes that the Simpson decision resulted after a trial. Plaintiff offers no evidence of any invitation. Like the plaintiff in *Simpson*, plaintiff in this case did not receive an express invitation within the meaning of § 846(a).

## IV

## CONCLUSION

Plaintiff concedes that he entered the forest for recreational purposes, but seeks to prove that defendants willfully or maliciously failed to warn him of the dangers of scalding water. Plaintiff also claims exemption from § 846 for invitees and those paying consideration.

Plaintiff presents no admissible evidence to counter defendants' evidence of extensive efforts to fence off dangerous areas and warn the public. Defendant need not constantly patrol the area to avoid a claim of willful and malicious failure to act. In answers to interrogatories, moreover, plaintiff admits seeing warning signs. Plaintiff also admits seeing signs warning of the dangers of hot water on previous visits to the Hot Creek Area. Finally, plaintiff admits realizing that the pools contained scalding water immediately prior to his efforts to save his dog.

Promotional literature and signs did not constitute express invitation within the meaning of § 846(a). Defendant offers sworn testimony that no consideration has ever been charged and plaintiff offers no evidence in rebuttal. Finally, plaintiff ad-

mits not paying any consideration for any activities on the day of the accident. Payments by others on a separate campground do not allow plaintiff to claim an exception to immunity under § 846(b).

For these reasons, summary judgment will be GRANTED for defendant United States.