Linda CASAS, Plaintiff,

v.

UNITED STATES of America, Marine Corps Air Station Tustin, and Does 1 through 50, inclusive, Defendants.

No. CV–97–9158–CAS (RNBx).

United States District Court, C.D. California, Western Division.

April 30, 1998.

Donald A. Carstens, Newport Beach, CA, for Plaintiff.

Jon Pearson, AUSA Office of U.S. Attorney, Civil Division, Los Angeles, CA, for Defendants.

## ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SNYDER, District Judge.

The Court has considered the defendant's Motion for Summary Judgment, or, in the Alternative, Partial Summary Adjudication. After reviewing the materials submitted by the parties, the arguments of counsel, and the case file, the Court hereby grants defendant's Motion for Summary Judgment.

### I. *Factual Background*

Plaintiff Linda Casas was injured when she tripped over a raised crack in a sidewalk at the Marine Corps Air Station Tustin ("MCAS"). She filed this complaint for negligence and premises liability to recover damages for injuries sustained in that accident. Casas was on the base to participate in a 5K race "Run Through the Hangars." At the time she tripped and fell, she was not participating in the race, but was on her way to the registration table. She had not yet registered for the race nor paid the $20 registration fee.

The "Run Through the Hangars" was an annual event sponsored by the MCAS Morale, Welfare and Recreation Department

("MWR"). The race is described by defendant as a "community event" that allowed the public to participate in a " 'fun run' through the historic blimp hangars" on the base. Declaration of Lt. Col Harry D. Persons, Jr. ("Persons Decl."), Exhibit 1 to Defendant's Motion for Summary Judgment, ¶ 2. The MCAS charged an entry fee to cover race expenses. *Id.* All proceeds' from the race were to benefit the MWR. Exhibit 2 to Defendant's Motion for Summary Judgment ("Motion").

## II. *Procedural Background*

This matter was originally set for hearing on January 26, 1998. However, because plaintiff requested a continuance of that hearing in her original opposition to defendant's motion for summary judgment so as to enable her to conduct additional discovery, on January 15, 1998, the Court ordered that the hearing be continued pursuant to Fed. R.Civ.P. 56(f). Thereafter, plaintiff took no further discovery. Notice of Non–Receipt of Supplemental Opposition filed April 20, 1998, at 3. Plaintiff has also failed to file any supplemental declaration or brief in opposition to defendant's summary judgment motion.

## III. *Standard for Summary Judgment*

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The standard set forth in Rule 56(c) is met when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Abromson v. American Pacific Corp.,* 114 F.3d 898, 902 (9th Cir.1997). A dispute is genuine if the

evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it could affect the outcome of the suit under the governing law. *Id.*

When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.,* 121 F.3d 1332, 1335 (9th Cir.1997).

## IV. *Analysis*

The government's motion for summary judgment is based on its invocation of California's recreational use statute, Cal.Civ. Code § 846, as a defense to liability.[1] Section 846 provides that a landowner "owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose...." The purpose of the statute is to encourage landowners to make their land available to the general public for recreational purposes. *e.g., Phillips v. United States,* 590 F.2d 297, 299 (9th Cir.1979). There are several exceptions to this provision, including where (1) the injured person was "expressly invited rather than merely permitted to come upon the premises," or (2) permission to enter the premises was granted in exchange for consideration.[2]

Casas first argues that the government is not entitled to immunity pursuant to § 846 because the base was not opened for a recreational purpose. She further argues that because she was expressly invited to participate in the race, and because participation

---

1. Plaintiff argues that summary judgment is rarely appropriate in negligence cases, given the necessary determination of the defendant's reasonableness. However, the government's motion is not based on a contention that it was not negligent. Rather, this summary judgment motion is based on an asserted immunity defense, which does not require a factual determination of the reasonableness of the government's conduct.

2. A third exception to the statute is "for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity." Plaintiff concedes that this exception does not apply here. Plaintiff's Answer to Interrogatory No. 19, Exhibit 3 to Defendant's Motion for Summary Judgment.

required payment of a registration fee, the government may not employ § 846 to escape liability.

■■■■ The Federal Torts Claims Act extends liability to the United States in the same manner and to the same extent as a private individual under state law. 28 U.S.C. § 2674. Thus, in California, § 846 applies to the United States in the same manner it would apply to an individual. *See Mansion v. United States*, 945 F.2d 1115, 1117 (9th Cir.1991). Therefore, so long as the MCAS was opened to the public for a recreational purpose, the government is immune from plaintiff's suit unless one of the statutory exceptions apply.

### A. *Recreational Purpose*

■■■ Casas argues that the recreational use statute does not apply in this case because the government's motive in sponsoring the "Run Through the Hangars" was to raise money to support the MWR at MCAS. Plaintiff's argument apparently is based on the belief that the application of the statute is dependent upon the landowner's reason for granting access to the land, rather than the purpose of those using the land. Casas offers no authority for this contention. The statute itself refers to recreational activities of those who use the land, not the landowners.[3] Furthermore, the case law consistently addresses the statute as applying to the recreational use, not the landowner's purpose in allowing access to the property. *See, e.g., Ravell*, 22 F.3d 960 (attending an air show); *Mansion*, 945 F.2d 1115 (attending a picnic); *Thompson v. United States*, 592 F.2d 1104 (9th Cir.1979) (motorcycle racing); *Phillips v. United States*, 590 F.2d 297 (9th Cir.1979) (hiking); *Judd v. United States*, 650 F.Supp. 1503 (S.D.Cal.1987) (diving from waterfalls).

Plaintiff does not dispute that her purpose in seeking to enter the "Run Through the Hangars" was recreational. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at 8. In her declaration, Casas

states that she is an avid jogger. Declaration of Linda Casas ("Casas Decl.") ¶ 3. She decided to enter the "Run Through the Hangars" because she had heard it would be the last time this previously annual event would be held. *Id.* ¶ 5. She also states that her decision to enter the race was influenced by the fact that the proceeds would benefit the MCAS El Toro/Tustin Morale, Welfare, and Recreation Department. *Id.* Ultimately, however, she would not have entered onto the MCAS on the day of the race for any reason other than to run in the race. *Id.*

Because § 846 applies when the person using the land has a recreational purpose, and not when the landowner has such a purpose, it applies in this case where the plaintiff came onto the defendant's land for the recreational purpose of running in a race. Even assuming that the government's motive was monetary gain, the fact that Casas had a recreational purpose requires the application of § 846.

### B. *Express Invitation*

Plaintiff received a flyer promoting the "Run Through the Hangars" as part of a mass mailing. She now claims that this was an express invitation to her to participate in the race. Defendants also advertised their event in sporting goods stores, health clubs, and schools. The government is unable to dispute that Casas received a brochure in the mail, but argues that she was not expressly invited to attend the race. Even if a mass mailing could constitute an express invitation, defendant argues that it was not responsible for distributing the promotional materials. Rather, MWR contracted with two private firms to promote the race and did not control to whom the brochures were sent. Persons Decl. ¶¶ 6–7.

■■■ Advertisements, brochures, promotional materials or other invitations to the general public are not express invitations to anyone in particular. *Ravell v. U.S.*, 22 F.3d 960, 962–63 (9th Cir.1994); *Phillips*, 590 F.2d

---

**3.** Section 846 defines "recreational purpose" to include "fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, hang gliding, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites."

at 299–300; *Johnson v. Unocal Corp.*, 21 Cal.App.4th 310, 26 Cal.Rptr.2d 148, 153 (1993) (not an express invitation because not a "direct, personal request from [defendant] to [Plaintiff]"). Plaintiff's discussion of common law "invitees" and "licensees" is misplaced here, where the case law interpreting § 846 of the California Civil Code is so clear. Under these circumstances, the Court finds that there is no material fact in issue as to whether Casas was expressly invited to run in the race. She was not. Therefore, she does not fall within this exception to immunity established by § 846.

### C. Consideration

Casas argues that the recreational use statute does not confer immunity on the government because she was required to pay for entry onto the marine base. This contention is not supported by the uncontroverted facts. Casas entered the base on the morning in question without paying for her access. The $20 entry fee was required to register for the race, not to enter the base. Persons Decl., ¶ 4.[4] While it is undisputed that Casas intended to pay the registration fee and enter the race, she was not required to do so in order to be present on the MCAS during the race.

Plaintiff apparently argues that because some people on the base that day paid a fee to the MCAS, the entire base and everyone on it were brought within the consideration exception to § 846. Plaintiff offers no authority for this broad reading of the recreational use statute.

On the contrary, other courts have read the consideration exception to § 846 more narrowly. In *Hannon v. United States*, 801 F.Supp. 323 (E.D.Cal.1992), plaintiff argued that the National Forest Service is never immune from liability for injuries that occur anywhere in a National Forest because, while access to the forest is generally free, the Forest Service charges a fee for access to its campgrounds. The court rejected plaintiff's argument, holding that "[t]he fact that somewhere else in the ... National Forest someone other than the plaintiff is charged for

services does not negate the immunity defense throughout the Forest." 801 F.Supp. at 327. In a similar case, a court in the Southern District of California reached the same result. *Judd,* 650 F.Supp. at 1512.

This case is analogous to both of those cases, where the consideration exception to § 846 did not apply because the courts found a distinction between entry into the National Forest and permission to use the campgrounds. Similarly here, entry onto MCAS and registration for the race were distinct events. The fact that some people were charged a fee for access to part of the base does not negate the immunity defense on the entire base. Therefore, the consideration exception to the recreational use statute does not discredit the government's immunity defense.

### V. Conclusion

Plaintiff entered the MCAS on September 10, 1995, for a recreational purpose. She was not expressly invited, nor did she pay any consideration for her entry onto the base. For these reasons, pursuant to Cal. Civ.Code § 846, the United States is immune from plaintiff's negligence suit for recovery of damages incurred when she tripped and fell on a raised sidewalk on the base. Therefore, the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

---

4. Along with entry into the race, participants received a T-shirt and a pancake breakfast in exchange for their entry fee. Exhibit 2 to Defendant's Motion for Summary Judgment.