**Aroldo COLIN, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 01–17107.
D.C. No. CV–99–05045–EDL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided March 3, 2003.

Before SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff Aroldo Colin appeals the district court's order granting summary judg-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment and order denying reconsideration of its summary judgment in favor of the United States in Colin's action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). Colin seeks damages for a spinal cord injury suffered on government land when the branch of a dead tree he was climbing in 1997 collapsed, causing him to fall into shallow water. Colin alleges that the United States, through its agent the Army Corps of Engineers, is liable for its failure to prune the trees and post warnings against climbing on dead trees at the Lake Sonoma, Yorty Creek Recreation Area.

The district court did not err in holding that there had been no showing of government willful misconduct as required under California Civil Code § 846. The evidence showed negligence at best.

The district court was also correct as a matter of law in holding that the negligence standard did not apply under the "consideration" exception in the statute. The language of the statute shows the legislative intent to limit liability under the section to the uses or areas for which consideration is given. All reported decisions agree. *See Casas v. United States,* 19 F.Supp.2d 1104, 1108 (C.D.Cal.1998); *Hannon v. United States,* 801 F.Supp. 323, 327 (E.D.Cal.1992); *Judd v. United States,* 650 F.Supp. 1503, 1512 (S.D.Cal.1987). The use fees collected at this recreation area were for boat launches and overnight use of the campgrounds. No fees were charged for swimming, picnicking, or any of the uses in which the plaintiff was engaged.

The California Resort Act, establishing certain requirements for owners of resorts on rivers and streams, did not apply here because the accident occurred on an artificially created lake, not a river or stream.

AFFIRMED.