116 F.3d 485
 10 NDLR P 89
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George O. ROMANOS, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE, Defendant,
and
Marvin T. RUNYON, Jr., Defendant-Appellee.
 No. 96-55536.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
June 9, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-94-08639-MRP; Mariana R. Pfaelzer, District Judge, Presiding.
 
 
 2
 Before NORRIS, LEAVY, and TASHIMA, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 George O. Romanos appeals pro se the district court's grant of summary judgment in favor of the Postmaster General ("Postmaster") in his action alleging employment discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) when Romanos was terminated from his position with the United States Postal Service ("USPS"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 Romanos contends that the district court erred by granting summary judgment because he raised genuine issues of material fact as to whether he was terminated due to his disability, or due to his absenteeism and other infractions. This contention lacks merit.
 
 
 6
 We review de novo a district court's grant of summary judgment. See Collinas v. Lonerview Fibre Co., 63 F.3d 828, 831 (9th Cir.1995), cert. denied, 116 S.Ct. 711 (1996).
 
 
 7
 In order to establish a prima facie case of wrongful termination under the Rehabilitation Act, Romanos must show that (1) he was an "otherwise qualified" disabled individual, and (2) he was terminated because of his disability. See Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir.1990). If Romanos could establish a prima facie case, then the burden shifts to the Postmaster to demonstrate a legitimate, nondiscriminatory reason for the termination. See id.
 
 
 8
 Here, in support of his motion for summary judgment, the Postmaster submitted a declaration from Romanos's former supervisor, a record of Romanos's absences, USPS leave policies, letters among various providers of Romanos's rehabilitation treatment, and Romanos's "Reinstatement Agreement."[1] These documents establish that Romanos was terminated based upon excessive absenteeism, his failure to obtain timely documentation from his physicians, and the violation of his reinstatement agreement. In opposition to summary judgment, Romanos submitted evidence that he had been undergoing rehabilitation treatment for his cocaine addiction, as authorized by his supervisor, during a period of the absenteeism. Nonetheless, it is undisputed that Romanos failed to provide timely documentation from a physician upon his return to work, and that Romanos was unable to establish that he had been in rehabilitation for the entire period of his absence. Moreover, Romanos does not dispute that he violated the terms of his reinstatement agreement.
 
 
 9
 Because evidence in the record establishes that Romanos was terminated based upon excessive absenteeism and other violations of USPS employment policies, Romanos has failed to raise a triable issue of fact as to whether he was terminated because of his disability. See 29 U.S.C. § 794(a); Lucero, 915 F.2d at 1371; see also Collings, 63 F.3d at 833 (holding that an employer did not violate the Americans with Disabilities Act where employees were discharged based upon misconduct rather than their alleged addiction disability). Accordingly, the district court did not err by granting summary judgment for the Postmaster on Romanos's claim brought pursuant to the Rehabilitation Act. See Lucero, 915 F.2d at 1372.
 
 
 10
 Romanos purports to appeal from the district court's grant of summary judgment on his Title VII retaliation claim. We conclude that Romanos waived appellate review of this claim because in his opposition to defendants' motion for summary judgment, Romanos conceded that the Postmaster is entitled to summary judgment on this claim. See Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir.1994).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Romanos's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On March 21, 1991, when Romanos was rehired by the USPS, he signed a "Reinstatement Agreement" which provided, among other things, that "any future drug related employment problems will be cause for removal." During his previous employment with USPS, Romanos had entered into a "Last Chance Agreement" in 1986, and had been terminated in 1987 for absenteeism caused by his cocaine usage
 
 
 [2]
 We decline to address the issues which Romanos raises for the first time on appeal. See Ravell v. United States, 22 F.3d 960, 962 (9th Cir.1994)